Case 5:25-cv-00264   Document 17   Filed 01/07/26 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 07, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **ALVARO ORTEGA GUZMAN,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-CV-00264 |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner Alvaro Ortega Guzman's ("Petitioner" or "Mr. Ortega Guzman") Verified Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately allow Petitioner to post bond in the amount of $3,500 in conformity with the Immigration Judge's (IJ) custody redetermination decision dated July 24, 2025 ("July Bond Decision"), or, in the alternative, Respondents must promptly proffer additional justification to the Court on or before **January 13, 2026 at 5:00 P.M. Central Standard Time (CST),** that the IJ's July Bond Decision is not currently in effect because of a valid procedure that has occurred before the agency to further extend the automatic stay previously sought under 8 C.F.R. § 1003.19(i)(2) or to overturn the IJ's decision that accords with the determinations of law set out in this Order.

## BACKGROUND

This case is one of a growing number before this Court that implicate a recent change to the Department of Homeland Security's interpretation of the applicable statutory authority for the detention of noncitizens. *See, e.g., Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). On July 8, 2025, ICE adopted its new legal position in a memo entitled "Interim Guidance Regarding Detention Authority for Applicants for Admission." (*See* Dkt. 1 at 8–9.) The memo states that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226(a), is the applicable immigration detention authority for all noncitizens who are applicants for admission. (*See id*.) Subsequently, on September 5, 2025, the Board of Immigration Appeals (BIA) issued a published decision in line with this interim guidance, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (*See id.*); *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

### A. Mr. Ortega Guzman

Petitioner Alvaro Ortega Guzman is a citizen of Mexico who has lived in the United Staes for the past 32 years since he entered the country without inspection. (*See* Dkt. 1 at 11; Dkt. 12 at 2.) Mr. Ortega Guzman has four children who are U.S. citizens, and one of his children is veteran of the U.S. Army. (Dkt. 1 at 11.) On May 29, 2025, Mr. Ortega Guzman was apprehended in the interior of the United States by DHS upon execution of warrant for his arrest and subsequently detained. (*Id.* at 11–12, Attach. 1 at 6; Dkt. 12 at 2.)[1] He was served with a Notice to Appear ("NTA") and placed in removal proceedings. (Dkt. 1 at 12, Attach 1 at 2–3; Dkt. 12 at 2.)

---

[1] The Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

On July 24, 2025, Mr. Ortega Guzman requested a custody redetermination before an IJ pursuant to 8 C.F.R. § 1236, and the IJ granted him a $3,500 bond pending his removal proceedings. (Dkt. 1 at 12, Attach. 1 at 7–8; Dkt. 12 at 2.) DHS reserved appeal to the BIA and filed a notice of intent to appeal the custody determination, which triggered an automatic stay of Petitioner's release on bond pursuant to 8 C.F.R. § 1003.19(i)(2). (Dkt. 1 at 12, Attach. 1 at 9; Dkt. 12 at 2.) According to Mr. Ortega Guzman, DHS perfected its appeal to the BIA by filing a notice of appeal with a certification, thus complying with the requirements to continue the automatic stay for a period of 90 days under 8 C.F.R. § 1003.6(c). (*See* Dkt. 1 at 12, Attach. 1 at 9.) Shortly thereafter, the BIA issued its published decision in *Matter of Yajure Hurtado*, holding that immigration judges lack authority to hear bond requests or to grant bond to noncitizens such as Mr. Ortega Guzman who are present in the United States without admission because they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Mr. Ortega Guzman filed for a writ of habeas corpus challenging his continued detention on December 16, 2025, requesting that he be released from custody. (Dkt. 1; Dkt. 12 at 2.) In his petition, he requests declaratory and injunctive relief based on claims that Respondents are unlawfully detaining him pursuant to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of the Immigration and Nationality Act (INA) and in violation of existing regulations under the *Accardi* doctrine. (Dkt. 1 at 13–15.) Additionally, Petitioner alleges that Respondents' invocation of the automatic stay under 8 C.F.R. §1003.19(i)(2) to stay the IJ's July Bond Decision violates due process because the regulations provide no opportunity to challenge the stay and because the stay is *ultra vires*. (Dkt. 1 at 15–18); *see also* 8 U.S.C. §§ 1226(a), 1225(b)(2).

**Legal Standard**

A district court has jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to the lawfulness of immigration-related detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

**Discussion**

**A. Statutory Authority for Petitioner's Detention**

First, the Court turns to the issue of whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond. Petitioner argues he is being unlawfully detained under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention during removal proceedings. (Dkt. 1 at 5–9.) He asks the Court to declare that his continuing detention by DHS under 8 U.S.C. § 1225(b) is unlawful and order his immediate release on the bond amount set by the IJ in the July Bond Decision. (*Id.* at 3, 18.)

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) pertaining to this matter:

> **Bond Eligible** Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

Upon review of Petitioner's claims before the Court, the Court finds that Petitioner is a member of the "Bond Eligible Class" because Mr. Ortega Guzman entered the United States without inspection, was not apprehended upon arrival, has been living in the United States for 32

years, and is not subject to detention on the admission of either party under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. (*See* Dkt. 1 at 11–13; Dkt. 12 at 2–3.) Thus, the Court holds that because Petitioner is a member of the Bond Eligible Class, he is entitled to the declaratory relief entered by the Central District of California that his current detention under 8 U.S.C. § 1225 is unlawful. *See Hernandez v. Otay Mesa Detention Center*, 2025 WL 3724913, at *1 (S.D. Cal. Dec. 24, 2025) (Noting that Respondents conceded that because petitioner was a member of the bond eligible class he was considered detained under 8 U.S.C. § 1226(a), pursuant to the final judgment entered in *Maldonado Bautista*); *see also Mohammadi v. Larose*, 2025 WL 3731737 (S.D. Cal. Dec. 26, 2025) (holding that the final judgment issued in *Maldonado Bautista* provided independent support for why petitioner was not subject to mandatory detention). Consequently, this Court may craft an injunctive remedy in accordance with that determination.

Additionally, the Court independently reasons that equitable relief is warranted in Petitioner's case. Petitioner's claims present nearly identical legal questions to those previously considered by the Court in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025). Respondents argue that a plain language reading of the relevant INA provisions, developments in agency interpretation of the INA, prior legal precedent, and persuasive decisions support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for Petitioner's detention. (Dkt. 12 at 3–6).

Respondents' arguments regarding statutory construction mirror those that this Court addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases). As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with

'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3).

Because Respondents have failed to offer controlling precedent that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has been residing in the United States, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Thus, the Court holds that it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner's current detention.[2] Therefore, the IJ's July Bond Decision redetermining his custody status pursuant to 8 U.S.C. § 1226(a) was proper under the statute.

### B. The IJ's July Bond Decision and Automatic Stay Under 8 C.F.R. § 1003.19(i)(2)

Next, the Court turns to the impact of DHS's prior invocation of an automatic stay under 8 C.F.R. § 1003.19(i)(2) of the IJ's July Bond Decision setting Mr. Ortega Guzman's bond at $3,500. Under 8 U.S.C. § 1226, an IJ may grant bond if the noncitizen demonstrates that he is not a danger to the community or poses a significant risk of flight. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). Once a bond has been granted by the IJ, DHS is authorized to revoke a bond upon a finding of materially changed circumstances meriting the noncitizen's return to custody. *See, e.g., Matter*

---

[2] The Court will decline to address Mr. Ortega Guzman's *Accardi* challenge at this time.

*of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981) (finding a change in circumstances, in part, when it was determined that the noncitizen was "wanted for murder in the Philippines . . . .").

On July 24, 2025, an IJ conducted an individualized custody redetermination hearing pursuant to 8 U.S.C. § 1226(a) and set a bond amount for Petitioner. (Dkt. 1, Attach. 1 at 7–9.) DHS reserved appeal to the BIA and filed a notice of intent to appeal the custody determination, which triggered an automatic stay of Petitioner's release on bond pursuant to 8 C.F.R. § 1003.19(i)(2) which was extended for a period of 90 days upon filing of a notice of appeal with a certification. (Dkt. 1 at 12, Attach. 1 at 9; Dkt. 12 at 2.) Petitioner challenges the invocation of the automatic stay under 8 C.F.R. §1003.19(i)(2) to stay the IJ's July Bond Decision as a violation of his right to due process because the regulations provide no opportunity to challenge the stay while it remains in effect.

As of the date of this Order, more than 90 days have elapsed since DHS sought the automatic stay of the IJ's July Bond Decision, and neither party has provided evidence to the Court that the IJ's July Bond Decision has been overturned on appeal or that DHS has sought additional measures to extend the stay while an appeal of the custody redetermination remains pending. *See* 8 C.F.R. §1003.19(i)(2); § 1003.6(c) ("If the Board has not acted on the custody appeal, the automatic stay shall lapse 90 days after the filing of the notice of appeal."); s*ee also*, *Gunaydin v. Trump*, 784 F. Supp. 3d 1175, 1184 (D. Minn. 2025) (describing in detail the timeline for an automatic stay under 8 C.F.R. §1003.19(i)(2) and the process through which it can be invoked by DHS and further extended while on appeal). Therefore, the Court declines to reach the merits of Mr. Ortega Guzman's due process challenges to the automatic stay under 8 C.F.R. §1003.19(i)(2) at this time because it appears upon review of the record presented to the Court and the relevant regulations that the automatic stay previously sought by DHS is no longer in effect.

As a result, the IJ's July Bond Decision setting Petitioner's bond at $3,500 remains valid pursuant to 8 U.S.C. § 1226(a) absent any additional proceedings before the agency to further extend the stay or to overturn the IJ's July Bond Decision. Consequently, DHS must allow Petitioner to post bond in the amount of $3,500 as determined at his individualized custody redetermination hearing before the IJ, or present further justification to the Court in accordance with the determinations of law in this Order that the IJ's July Bond Decision is no longer valid or that the stay remains in place.

## Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, (Dkt. 12), is DENIED.

Respondents are ORDERED to immediately allow Petitioner to post bond in the amount of $3,500 in conformity with the IJ's July Bond Decision, or, in the alternative, Respondents must promptly proffer additional justification to the Court for its consideration on or before **January 13, 2026 at 5:00 P.M. Central Standard Time (CST),** that the IJ's July Bond Decision is not currently in effect because of a valid procedure that has occurred before the agency to further extend the automatic stay previously sought under 8 C.F.R. § 1003.19(i)(2) or to overturn the IJ's decision that accords with the determinations of law set out in this Order.

If released from custody on bond, Respondents must notify Petitioner's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

IT IS SO ORDERED.

SIGNED this January 7, 2026.

                                                                                           _____
                                                                                           Diana Saldaña
                                                                                           United States District Judge