United States District Court
Southern District of Texas
**ENTERED**
January 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ALVARO ORTEGA GUZMAN,** | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 5:25-CV-264 |
| **KRISTI NOEM,** *et al.*, | § § § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Alvaro Ortega Guzman's ("Petitioner" or "Mr. Ortega Guzman") Verified Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Respondents are ORDERED to immediately release Petitioner from custody, or to immediately allow Petitioner to post bond in the amount of $3,500 and release him under the terms of the Immigration Judge's (IJ) custody redetermination order dated July 24, 2025 (July Bond Decision).

## BACKGROUND

### A. The Court's Prior Order

The relevant factual and procedural background of the case was provided in the Court's Order dated January 7, 2026, which described Mr. Ortega Guzman's prior custody redetermination hearing before an IJ in which a bond in the amount of $3,500 was ordered, DHS's invocation of an automatic stay of the bond order under 8 C.F.R. § 1003.19(i)(2), and Petitioner's filings before the Court asking for his initial bond amount to be reinstated and the automatic stay of the bond to

be declared unlawful. (Dkt. 17.) After evaluating the Parties' substantive arguments, the Court held that it is 8 U.S.C. § 1226(a), not 1225(b)(2) that applies to Petitioner's current detention. (*Id.* at 7.) Additionally, the Court declined to reach the merits of Petitioner's due process challenges to the automatic stay under 8 C.F.R. §1003.19(i)(2) because it appeared upon review of the record presented to the Court and the relevant regulations that the automatic stay previously sought by DHS was no longer in effect. (*Id.* at 7–9.) The Court granted the petition in part and ordered Respondents to immediately allow Petitioner to post bond in the amount of $3,500 in conformity with the IJ's July Bond Decision. (*Id.* at 9.) Alternatively, due to gaps in the record, the Court allowed Respondents to instead promptly proffer additional justification to the Court on or before January 13, 2026 at 5:00 P.M. Central Standard Time (CST), that the IJ's July Bond Decision was no longer in effect because of a valid procedure that occurred before the agency to further extend the automatic stay or to overturn the bond decision in accordance with the legal determination that were set out in the Court's Order. (*Id.*)

### B. Respondents' Submission

Rather than allow Mr. Ortega Guzman to post bond, Respondents elected to submit additional justification for his continued detention to the Court.[1] (Dkts. 22, 23.) Respondents advised the Court for the first time and submitted into the record new evidence indicating that DHS had filed a Motion to Reconsider the Order Enforcing the Bond Order with the Immigration Court on September 10, 2025, in response to the decision from the Board of Immigration Appeals (BIA) in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) which held that 8 U.S.C. § 1225(b)(2)

---

[1] Respondents failed to comply with the Court's ordered deadline of 5:00 P.M. CST on January 13, 2025, and instead submitted an untimely filing without requesting leave. (*See* Dkts. 17, 22, 23.) The Court advises Respondents that any future failures to comply with deadlines or orders may result in Respondents having to show cause as to why sanctions should not be imposed.

rather than § 1226(a) was the applicable detention statute for all applicants for admission. (Dkt. 22 at ¶ 3; Dkt. 23, Attach. 4.)[2] Furthermore, Respondents also advised the Court that on September 30, 2025, the IJ amended the July Bond Order and "denied the Petitioner's request for a change in custody status based on lack of jurisdiction under the newly issued *Hurtado* decision." (Dkt. 22 at ¶ 4; Dkt. 23, Attach. 5.)  Finally, Respondents alerted the Court that "on October 15, 2025, the BIA dismissed as moot DHS's appeal of the July 2025 Bond Order because, 'on September 30, 2025, the Immigration Judge issued an amended decision rescinding the prior decision and denying the respondent's release from custody on bond.'" (Dkt. 22 at ¶ 6; Dkt. 23, Attach. 8.)

## DISCUSSION

The Court finds Respondents' justification for Mr. Ortega Guzman's continued detention and their refusal to allow him to post bond to be lacking and will therefore reinstate the IJ's July Bond Decision in accordance with its prior Order. (Dkt. 17.) The Court has already determined that it is 8 U.S.C. § 1226(a), and not § 1225(b)(2) that applies to Petitioner's current detention, contrary to the BIA's holding in *Matter of Yajure Hurtado* that applicants for admission such as Mr. Ortega Guzman are detained pursuant to § 1225(b)(2). (*Id.* at 7.) Thus, Respondents cannot justify denying Mr. Ortega Guzman the opportunity to post bond by pointing to the IJ's amended order which relied wholly on *Matter of Yajure Hurtado* to rescind the bond on jurisdictional grounds alone. (*See* Dkt 23, Attach. 5) ("The Court lacks jurisdiction to consider bond. Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)."). The statutory authority for Mr. Ortega Guzman's detention is 8 U.S.C. § 1226(a), and thus the IJ's July Bond Decision finding jurisdiction in 8 U.S.C. § 1226(a) and ordering bond in the amount of $3,500 was valid under the INA.

---

[2] The Court will use "Attachment" to refer to these sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Additionally, the Court is troubled by the failure of Respondents to present accurate information to the Court about the status of Petitioner's bond proceedings before the Executive Office of Immigration Review (EOIR). In their Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment, Respondents failed to alert the Court that DHS's appeal to the BIA had been mooted due to the IJ's amended order rescinding bond and inaccurately asserted that "[t]he current operative mechanism of Petitioner's detention is an automatic stay of release on bond for a maximum of 90 days under 8 C.F.R. § 1003.19(i)(2)." (Dkt. 12 at 3.) Only upon a thorough review of the evidentiary record was the Court able to identify inconsistencies that led it to seek out additional information. As the party with direct access to relevant immigration information, the Court expects Respondents to make every effort to present the Court with legally pertinent and factually accurate information about Petitioner's proceedings before EOIR.

Having established the Petitioner's continued detention is unlawful, the Court now turns to the remedy at hand. In keeping with other district courts that have considered the issue, the Court will order that the IJ's July Bond Decision be reinstated and that Mr. Ortega Guzman be released under the terms of the IJ's July Bond Decision either immediately or upon posting bond in the amount of $3,500. *See, e.g.*, *Jimenez v. Olson*, 2025 WL 3633609, at *6 (N.D. Iowa Dec. 15, 2025) (ordering respondents to permit petitioner to post bond and release him from custody in accordance with the conditions imposed in previous IJ's bond order); *see also Otilio B.F. v. Andrews*, 2025 WL 3152480, at *12 (E.D. Cal. Nov. 11, 2025); *Jacinto v. Trump*, 796 F. Supp. 3d 584, 592 (D. Neb. 2025); *Maza v. Hyde*, 2025 WL 2951922, at *5 (D. Mass. Oct. 20, 2025); *Sampiao v. Hyde*, 799 F. Supp. 3d 14, 34 (D. Mass. 2025).

## CONCLUSION

For the foregoing reasons, Respondents are hereby **ORDERED** to immediately release Petitioner from custody, or to immediately allow Petitioner to post bond in the amount of $3,500 and release him under the terms of the Immigration Judge's custody redetermination order dated July 24, 2025.

If released from custody, Respondents must notify Petitioner's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

On or before **January 16, 2026, at 5:00 P.M. Central Standard Time (CST),** the Respondents shall provide the Court with a status update on Petitioner's release from custody pursuant to this Order.

IT IS SO ORDERED.

SIGNED this January 15, 2026.

_____
Diana Saldaña
United States District Judge